UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY JOSEPH VANZANT, <br><br> Petitioner, <br><br> v. <br><br> KEITH YORDY, <br><br> Respondent. | Case No. 1:17-cv-00109-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Bradley Joseph Vanzant ("Petitioner"), challenging Petitioner's Ada County conviction for possession of a controlled substance. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that Claim 1 is noncognizable and that Petitioner's remaining claims are procedurally defaulted. (Dkt. 13.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and

record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

## BACKGROUND

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to possession of methamphetamine, in violation of Idaho Code § 37-2732(c). (State's Lodging B-4 at 1.) He received a unified sentence of six years in prison with three and one-half years fixed. Petitioner filed an Idaho Criminal Rule 35 motion for reduction of sentence, which was denied. (State's Lodging A-4, A-7.)

Petitioner filed a direct appeal, arguing that his sentence was excessive under Idaho law and that the trial court abused its discretion in denying his Rule 35 motion. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-4, B-6.)

Petitioner next filed a petition for state post-conviction relief, arguing that his guilty plea was involuntary and that Petitioner's trial counsel and direct appeal counsel rendered ineffective assistance. (State's Lodging C-1 at 4-6.) The Ada County Public Defender's Office was appointed to represent Petitioner in the post-conviction proceedings. (*Id*. at 39.) The public defender's office later withdrew, and new counsel appeared on behalf of Petitioner. (*Id*. at 44.)

The trial court held a hearing on the state's motion to dismiss, concluding that the claims identified in the state's motion were conclusory and not supported by admissible

evidence. (State's Lodging C-2 at 13.) However, because two of Petitioner's claims had not been cited by the state in its motion to dismiss, the court gave Petitioner twenty days to "file additional affidavits and/or briefs laying out specifics as to these two issues and these two issues only." (*Id*. at 14.)

Petitioner's post-conviction counsel did not submit additional evidence or briefing. As a result, Petitioner filed a "Motion for Conflict Free Counsel," asserting that his post-conviction attorney would not adequately assist him. (*Id*. at 84.) Petitioner sought new counsel, stating "there is absolutely no type of attorney [c]lient relationship between the Petitioner" and his attorney. (*Id*.) The trial court denied Petitioner's motion and dismissed the post-conviction petition. (*Id*. at 88-104 and 89 at n.2.)

Petitioner, through new counsel, appealed the dismissal of the petition, arguing only that the post-conviction court erred by denying Petitioner's motion for conflict-free counsel. (State's Lodging D-1, D-3.) Petitioner did not appeal any of the substantive claims raised in his post-conviction conviction. The Idaho Court of Appeals affirmed the dismissal of the petition, and the Idaho Supreme Court denied review. (State's Lodging D-4, D-7.)

Petitioner's instant federal habeas petition asserts the following claims: (1) the state district court violated Petitioner's right to due process by denying his motion for conflict-free counsel, during post-conviction proceedings, without holding a hearing; (2) Petitioner's guilty plea was involuntary and resulted from ineffective assistance of trial counsel; and (3) Petitioner's trial counsel rendered ineffective assistance by failing (a) to

call witnesses, (b) to challenge the drug amount discrepancies, (c) to review audio and video recordings of the arrest, and (d) to file a motion to suppress. (Dkt. 3; *see also* Dkt. 7 at 2.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 2-3.)

## DISCUSSION

Federal habeas corpus relief may be granted only when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Claim 1 is noncognizable, that Claims 2 and 3 are procedurally defaulted, and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

**MEMORANDUM DECISION AND ORDER - 4**

1.  **Claim 1 Is Subject to Dismissal as Noncognizable**

Claim 1 asserts that the post-conviction court improperly deprived Petitioner of due process by denying his motion for "conflict free" counsel without holding a hearing or otherwise inquiring into the situation. However, claims of error during state postconviction proceedings are not cognizable on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Further, there is no federal constitutional right to counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Murray v. Giarratano*, 492 U.S. 1, 7, (1989) ("[N]either the Due Process Clause of the Fourteenth Amendment nor the equal protection guarantee of 'meaningful access' require[s] [a] State to appoint counsel for indigent prisoners seeking state postconviction relief."); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993) ("[T]he protections of the Sixth Amendment right to counsel do not extend to either state collateral proceedings or federal habeas corpus proceedings."). Though ineffective assistance of initial post-conviction counsel can constitute cause to excuse the default of an ineffective-assistance-of-trial-counsel claim, it is not itself an independent constitutional claim. *See Martinez v. Ryan*, 566 U.S. 1 (2012).[1]

For these reasons, Claim 1 is noncognizable and must be dismissed.

---

[1]   This cause-and-prejudice issue will be discussed in more detail in Section 2.C., below.

**MEMORANDUM DECISION AND ORDER - 5**

**2.      Claims 2 and 3 Are Subject to Dismissal as Procedurally Defaulted**

   *A.      Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can hear the merits of the claim only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**MEMORANDUM DECISION AND ORDER - 7**

### B.   *Claims 2 and 3 Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

The only claim Petitioner raised on direct appeal was that his sentence was excessive under Idaho law. No such claim is included in the Petition.[2]

On appeal from the dismissal of his post-conviction petition, Petitioner raised only Claim 1, which—as the Court has already explained—is not cognizable. Thus, Petitioner did not fairly present Claim 2 or 3 to the Idaho appellate courts. Because it is now too late to do so, these claims are procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

### C.   *Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims*

Petitioner does not dispute that Claims 2 and 3 are procedurally defaulted. However, Petitioner asserts that cause and prejudice exist to excuse the default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Because there is no federal constitutional right to post-conviction review counsel, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752. However, the United States Supreme Court established a limited exception to that general rule in *Martinez*, which held that, in limited circumstances, "[i]nadequate assistance of counsel

---

[2]   Even if Petitioner had asserted such a claim, it would not be cognizable because it is based on state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

**MEMORANDUM DECISION AND ORDER - 8**

at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. *Martinez* does not apply to any claims other than claims of ineffective assistance of trial counsel ("IATC"). *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

In this case, Claims 2 and 3 fail the third prong of the *Martinez* exception. Contrary to Petitioner's contention (*see* Dkt. 16 at 4-6), the default of these claims did *not* occur in the initial collateral review proceeding in the state district court. That petition asserted, and the initial post-conviction court squarely addressed, Claim 2 and all subparts of Claim 3. (*See* State's Lodging C-1 at 94-102.)

Rather, the default of Claims 2 and 3 occurred *on appeal* from the dismissal of the post-conviction petition, when Petitioner failed to present those claims in his appellate briefing. Because a petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings," *Martinez*, 566 U.S. at 16, the *Martinez* cause-and-prejudice exception does not apply to excuse the procedural default of Claims 2 and 3.

As for the actual innocence exception, Petitioner has not presented any new, reliable evidence of factual innocence, nor does the record reflect any basis for the Court to apply that exception. Thus, Claims 2 and 3 are subject to dismissal.

## CONCLUSION

For the foregoing reasons, Claim 1 is not cognizable in this federal habeas proceeding, and Petitioner's remaining claims are procedurally defaulted. Therefore, the Court must dismiss the Petition.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 11) is GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a

timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **January 10, 2018**



Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**